IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-65,799-02






EX PARTE CLEVE FOSTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. C-1-007519-0839040 FROM THE


CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY





 Price, J., filed a dissenting statement.


DISSENTING STATEMENT



 The applicant has filed a motion asking the Court to reconsider on its own motion its
dismissal of his subsequent application for a writ of habeas corpus in a capital case, in which
he alleged, among other things, that we should construe Article 11.071, Section 5(a)(1) to
authorize a subsequent capital habeas application when the attorney appointed to prepare his
initial writ application performs incompetently. (1) In order to rule in the applicant's favor in
this particular claim, however, the Court would be obliged to overrule its opinion in Ex parte
Graves. (2) The Court dismissed the applicant's subsequent writ application on December 30,
2010, and now refuses to take any action on his suggestion for reconsideration. Once again,
I am compelled to register my dissent.

 The preeminent rule of statutory construction has always been to effectuate the intent
of the Legislature. Since Boykin v. State, (3) we have sometimes gotten too caught up in the
niggling niceties of particular statutory language to the detriment of overarching legislative
intent. Article 11.071 as a whole was meant to endow those who have been condemned to
death in Texas with one last chance at a fair and complete review of the constitutional
legitimacy of their conviction and punishment. That last chance is neither fair nor complete
when the attorney who is appointed to assist in the endeavor does not properly do his job.
The Court today persists in its crabbed interpretation of Section 5(a)(1), rejecting the notion
that ineffectiveness of initial habeas counsel can ever constitute a newly available fact
justifying a subsequent capital habeas application. While it may be insisted that this
interpretation is the most faithful to the black letter of the statute, a more forgiving
construction is more consistent with the manifest legislative intent. And it would assure that
inmates like Anthony Graves do not have to resort to the federal courts for the habeas relief
that ultimately leads to their exoneration. Just because we are judges does not mean we have
to leave our humanity in the robing room.

 I would stay the applicant's execution and take this opportunity to overrule Graves. 
Because the Court stubbornly declines to do so, I respectfully dissent.


Filed: January 10, 2011

Do Not Publish
1. Tex. Code Crim. Proc. art. 11.071, § 5(a)(1).
2. 70 S.W.3d 103 (Tex. Crim. App. 2002).
3. 818 S.W.2d 782 (Tex. Crim. App. 1991).